RICHLUND & ASSOCIATES, INC., MKHall, L.L.C. and Loominous Software Enterprises, Inc., Respondents/Cross–Appellants,

v.

MHE.NET, INC. and Michael Hoenig, Appellants/Cross–Respondents,

v.

Stephen M. Lundergan, M. Kirk Hall, Carey Loomis, Linda Lundergan, Kathleen Farrell, Janet Lorenscheit and Vision Commerce, LLP, Third Party Defendants/Respondents.

No. ED 82433.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 10, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 22, 2004.

Application for Transfer Denied April 27, 2004.

L. William Higley, Higley Law Group, L.L.C., St. Peters, MO, Craig A. Sullivan, St. Louis, MO, for Appellants/Cross–Respondents.

Daniel L. Goldberg, St. Charles, MO, for Respondents/Cross–Appellants.

Before GARY M. GAERTNER, SR., P.J., ROBERT G. DOWD, JR., J., and MARY R. RUSSELL, J.

## ORDER

PER CURIAM.

Appellant, mhe.net, inc., et. al ("mhe") appeals from the judgment of the Circuit Court of St. Charles County, following a bench trial in which the trial court dissolved SecureLease.net, a limited liability partnership. Mhe entered into the partnership with respondents, Richlund & Associates ("Richlund"). Richlund filed a petition in the Circuit Court of St. Charles County seeking, *inter. alia*, dissolution of the partnership and damages from mhe. Mhe filed a counterclaim, seeking, *inter alia*, dissolution of the partnership and an accounting for profits. The trial court dissolved the partnership but denied Richlund's request for damages and mhe's request for an accounting. Mhe appeals the denial of its request for an accounting. Richlund cross-appeals the denial of its request for damages. We affirm.[1]

We have reviewed the briefs of the parties and the record on appeal. As an extended opinion would serve no jurisprudential purposes, we affirm the judgment pursuant to Rule 84.16(b). We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision.

---

1. Mhe's request for sanctions against Richlund is hereby denied.